**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20-cv-00193-RJC**

| | |
|---|---|
| **BRYAN JENKINS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **COMMISSIONER OF SOCIAL SECURITY,** ) <br> ) <br> **Defendant.** ) <br> ) <br> ) | **ORDER** |

**THIS MATTER** comes before the Court on the Parties' Cross Motions for Summary Judgment. (DEs 11, 12). Having fully considered the written arguments, administrative record, and applicable authority, the Court finds that Defendant's decision to deny Plaintiff Social Security benefits is supported by substantial evidence and affirms the decision. Accordingly, the Court grants Defendant's Motion for Summary Judgment.

## I. BACKGROUND

Plaintiff Bryan Jenkins ("Jenkins") seeks judicial review of the Commissioner of Social Security's ("Defendant" or "Commissioner") denial of his social security claim. Jenkins filed his application for disability insurance benefits on August 9, 2016, with an alleged amended onset date of June 3, 2013. (Tr.[1] 10).

In denying Jenkins' social security claim, the ALJ conducted a five-step sequential evaluation. (Tr. 10–21). At step one, the ALJ found that Jenkins had not engaged in substantial gainful activity since the alleged onset date. (Tr. 12). At step two, the ALJ found that Jenkins had

---

[1] Citations to "Tr." throughout the order refer to the administrative record at DE 10.

the following combination of severe impairments: bilateral knee degenerative joint disease, status post right knee replacement with residual pain, bilateral carpal tunnel syndrome, left eye blindness, obesity, depression, and anxiety. (*Id.*) The ALJ also found that Jenkins had the following combination of non-severe impairments: diabetes mellitus and hypertension. (*Id.*) At step three, the ALJ found that none of the impairments, or combinations of impairments, met or equaled the severity of a listed impairment. (Tr. 13). Before moving to step four, the ALJ found that Jenkins had the residual functional capacity ("RFC") to perform sedentary work as explained below:

> [T]he claimant had the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except he could not climb ladders. He could occasionally crouch, kneel, and crawl. He could frequently climb stairs, stoop, and balance. The claimant could frequently bilaterally handle and finger. He could not perform jobs requiring binocular vision. The claimant was limited to jobs with occasional public contact. He could concentrate on, focus and attend to work tasks for at least two hours at a time before needing a normal break of 15 minutes, or once per day, a 30 minute meal break.

(Tr. 14). At step four, the ALJ found that Jenkins could not perform any past relevant work, but found at step five that Jenkins could perform jobs that existed in significant numbers in the national economy, such as a surveillance system monitor (113,000 jobs), egg processor harvester (218,000 jobs), and final assembler glasses (218,000 jobs). (Tr. 20–21).

After exhausting his administrative remedies, Jenkins brought the instant action for review of Defendant's decision denying his application for disability insurance benefits under Title II of the Social Security Act. (DE 1).

## II.     STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th

Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (*per curiam*). The District Court does not review a final decision of the Commissioner *de novo*. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)), the Fourth Circuit defined "substantial evidence" as:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056–57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays v. Sullivan*, 907 F.2d at 1456 (4th Cir. 1990); *see also Smith v. Schweiker*, 795 F.2d at 345; *and Blalock v. Richardson*, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

Jenkins raises two challenges: (1) the ALJ's RFC is not supported by substantial evidence because the ALJ did not properly evaluate the opinion of John Miracle, Licensed Professional

Counselor, and (2) the Appeals Council ("AC") failed to consider the post-decision vocational expert rebuttal opinion submitted by Jenkins.

### A. Opinion of Mr. Miracle

Jenkins argues that the ALJ's assignment of partial weight to Mr. Miracle's opinion was conclusory and not supported by substantial evidence. Defendant disagrees and points to specific evidence in the decision which supports the ALJ's analysis.

Mr. Miracle is a licensed professional counselor who has been seeing Jenkins since March 2017 for depression. (Tr. 16–17, 577). In April 2018, Mr. Miracle completed a statement where he opined that Jenkins was so severely disabled that he could not work for more than twenty minutes without a break or work with the public. (Tr. 17). The ALJ assigned partial weight to Mr. Miracle's opinion because it was inconsistent with the medical evidence and because Mr. Miracle was not a psychiatrist or psychologist and he overly relied on Jenkins' subjective complaints. (Tr. 21).

The ALJ noted that Dr. Conroy, a licensed psychologist, performed a consultative psychological examination of Jenkins and found that Jenkins had good recent and short-term memory, could perform simple calculations, could follow instructions with no impairment, could sustain attention to complete simple repetitive tasks with no impairment, could relate to co-workers and supervisors with mild impairment, and could tolerate daily work stressors with mild impairment. (Tr. 17). Dr. Conroy opined that Jenkins "activities of daily living, including his ability to coach, is wholly inconsistent with his disabling allegations." (*Id.*). The ALJ afforded great weight to Dr. Conroy's opinion.

The ALJ also noted that the function report Jenkins answered shows that Jenkins drives his children to and from school, cleans the house, helps with dinner, washes the dishes, mows the

4

lawn, and coaches youth sports. (Tr. 16–17). The function report, along with Dr. Conroy's opinion, directly refute Mr. Miracle's opinion. As the ALJ explained that Mr. Miracle's opinion was only given partial weight because it was not supported by the other medical evidence in the record, which the ALJ listed, the ALJ built a "logical bridge from the evidence to [her] conclusion" and her RFC decision is supported by substantial evidence. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). The fact that Jenkins disagrees with the ALJ's conclusion does not warrant remand. *Phillips v. Berryhill*, No. 8:17-cv-02423-MGL-JDA, 2018 U.S. Dist. LEXIS 218780, at *49 (D.S.C. Dec. 7, 2018) ("[D]isagreements with the ALJ's conclusion rather than valid objections to the ALJ's analysis . . . are not a basis for the Court to overturn the ALJ's well-reasoned findings.").

**B.    Post-Decision Rebuttal Vocational Expert Opinion**

After the ALJ issued her decision denying disability, Jenkins submitted a rebuttal vocational expert opinion for the first time to the AC in the form of a letter from Dr. Brabham. The AC refused to exhibit the letter because it did not show a reasonable probability that it would change the outcome of the decision. (Tr. 2). Jenkins argues the AC failed to remand the case in light of the letter. Defendant concurs with the AC that the letter did not show a reasonable probability of changing the decision.

At the AC level, if the claimant submits new and material evidence, the AC will grant the claimant's request for review if, in addition to meeting several other requirements, there is a reasonable probability that the additional evidence would change the outcome of the decision. 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). If the AC denies the claimant's request for review, it need not explain its rationale for doing so. *See Meyer v. Astrue*, 662 F.3d 700, 705 (4th Cir. 2011). Here, at the hearing, the ALJ specifically told the vocational expert that the hypothetical person

5

was "blind in one eye, so can have no jobs that would require good binocular vision." (Tr. 62). The post-decision rebuttal letter challenges the vocational expert's determination at the hearing that the hypothetical person could work as a surveillance system monitor, egg processor harvester, and final assembler glasses.

In particular, the letter indicates that the three suggested jobs ignore the bilateral carpal tunnel syndrome[2] and that the surveillance system monitor job requires peripheral vision which Jenkins lacks. First, the RFC only limits Jenkins to frequent bilateral handling and fingering as the ALJ noted that Jenkins had no tenderness of soft tissue and normal range of motion and strength of all fingers and has not undergone any carpal tunnel surgery. (Tr. 16, 19). Moreover, the DOT job of surveillance system monitor (DOT #379.367-010) indicates that depth perception, field of vision, and far acuity are "not present." And for the egg harvester (DOT # 559.687-034) and final assembler glasses (DOT #713.687-018) jobs, the DOT does not list fingering and feeling as a constant activity as opined in the letter. Jenkins acknowledges that the DOT descriptions do not run afoul of the RFC but argues that the DOT does not trump an expert's testimony. Regardless, Jenkins post-decision rebuttal opinion does not change the calculus. For example, there is no evidence that the surveillance system monitor position requires more than frequent handling or fingering and depth perception and field of vision are not required. Accordingly, while the letter may be new evidence, there is not a reasonable probability that the letter would ultimately change the decision.

## IV.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1.    Plaintiff's Motion for Summary Judgment, (DE 11), is **DENIED**;

---

[2] The RFC included the following limitation as a result of the bilateral carpal tunnel severe impairment: "The claimant could frequently bilaterally handle and finger." (Tr. 14).

2. Defendant's Motion for Summary Judgment, (DE 12), is **GRANTED**; and

3. Defendant's decision to deny Plaintiff Social Security benefits is **AFFIRMED**.

The Clerk is directed to close this case.

**SO ORDERED.**

Signed: March 7, 2022

Robert J. Conrad, Jr.
United States District Judge